UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| AKIESHA N. ANDERSON,<br><br>    **Plaintiff,**<br><br>v.<br><br>INTRAX, INC. dba PROWORLD VOLUNTEER CORP. ET AL.,<br><br>    **Defendants.** | CIVIL NO. SA-14-CA-60-XR |

**ORDER and ORDER TO SHOW CAUSE**

Came on this date to be considered plaintiff's pro se motion for leave to proceed in forma pauperis ("IFP")[1] filed on January 17, 2014, and plaintiff's proposed civil complaint tendered for filing the same day. Plaintiff's motion was informally referred to the undersigned on January 17, 2014.[2]

### I. SUMMARY OF ALLEGATIONS

**A.    IFP Application**

According to the sworn application in support of plaintiff's request to proceed IFP, plaintiff has few assets, a total monthly income of $250.00, and modest monthly expenses. Plaintiff has completed 20 years of schooling. But, the name of the plaintiff identified in the motion for IFP and the proposed complaint is "Akiesha N. Anderson" and the sworn statement in support of the IFP application is signed by "Danita E. Anderson, Attorney-in-Fact." Although the form language above the signature states the attestation is to be made by "plaintiff or

---

[1] Docket no. 16.

[2] See text-only orders dated Feb. 5, 2013.

petitioner," there is no information to show "Danita E. Anderson" is the named plaintiff. Further, there is no information set out in the motion to show "Danita E. Anderson" is a licensed attorney able to represent any other person in this Court.  The list of attorneys admitted to practice in this Court contained in the CM/ECF system does not include a Danita Anderson. There is no record that Danita E. Anderson has filed a motion to represent the named party plaintiff *pro hac vice* in this case.

**B.     Proposed Complaint**

Plaintiff's proposed complaint appears to indicate that plaintiff seeks to assert a single claim of defamation against each named defendant.  The entity named as defendant is corporation and the individuals named as defendants are alleged to be owners of officers of the defendant corporation.  Plaintiff asserts the corporation's "headquarters" is located in California and appears to assert the individuals can be served by serving "Intrax Global Headquarters," but provides no other information or allegations to show why that might be the case.  Plaintiff invokes the court's jurisdiction under the Texas Civil Practice and Remedies Code —which cannot demonstrate federal subject matter jurisdiction— and "28 U.S.C. §§ 1330," which provides for jurisdiction without regard to amount in controversy "against foreign states."

Plaintiff alleges plaintiff resigned her employment with "ProWorld/Intrax," apparently an organization providing volunteer services, after being "constructively discharge[d]" and then formed her own organization, "ProVision Volunteer Corps," which was in "direct competition with "ProWorld Volunteer Corps."   Thereafter, the individuals associated with "ProWorld (subsidiary of Intrax, Inc.)" defamed her "with the San Ignacio Belizean community" and "conspired in the defamation per se when they . . . attempt[ed] to negotiate with [plaintiff] to

close her organization, ProVision Volunteer Corps, Ltd, which was a direct competitor of their organization, ProWorld Volunteer Corp, in exchange for the withdrawal of the allegation filed with the Belizean authorities." Plaintiff seeks damages for "imprisonment," "pain and suffering," "attorney fees," "liberty," "associated fees," "lost wages," and "future earnings," and demands a jury trial under "Rule 216 of the Texas Rules of Civil Procedure."

Other than alleging that "Intrax Global Headquarters" is located at a specified street address in San Francisco, CA and that defendant John Mundy identified as "Global Project Manager for ProWorld (subsidiary of Intrax, Inc.)" also resides in San Francisco, CA, plaintiff provides no other information on the citizenship or residency of defendants. Plaintiff also does not specify that the entity named as defendant, "Intrax, Inc dba Pro World Volunteer Corp" is the same as "Intrax Global Headquarters."

## II.  STANDARDS

**A.    IFP**

Assuming that a plaintiff meets the financial prerequisites to proceed IFP, plaintiff must also establish that he has raised a non-frivolous claim. The applicable standard is found in 28 U.S.C. § 1915(e)(2):

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that –
>
> (A)   the allegation of poverty is untrue; or
> (B)   the action or appeal –
>
>    (i)   is frivolous or malicious;
>    (ii)  fails to state a claim on which relief may be granted; or
>    (iii) seeks monetary relief against a defendant who is immune from such relief.

Title 28, United States Code, § 1915(e) accords courts not only the authority to dismiss a claim

based on an indisputably meritless legal theory, but also the power to pierce the veil of plaintiff's allegations and dismiss those claims whose factual contentions are clearly baseless.[3] In an action filed IFP, a court may raise *sua sponte* the issue of whether an action is malicious or frivolous under § 1915(e).[4] Dismissal of a claim as frivolous under § 1915(e) is permissible when the claim lacks an arguable basis either in law or in fact.[5] A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory.[6] A complaint lacks an arguable basis in fact if, after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless.[7] Typical examples of claims which can be dismissed pursuant to § 1915(e), or its predecessor, § 1915(d), include: (1) claims against which it is clear that the

---

[3] See Denton v. Hernandez, 504 U.S. 25, 31-32, 112 S. Ct. 1728, 1733 (1992); Neitzke v. Williams, 490 U.S. 319, 327, 109 S. Ct. 1827, 1833 (1989). The Prison Litigation Reform Act of 1996 moved the relevant statutory provision addressing dismissal for frivolousness from former subsection (d) of § 1915 to new subsection (e)(2)(B) and expanded the scope of that statute to expressly authorize dismissals of lawsuits as frivolous regardless of whether a filing fee or any portion thereof had been paid. See Jackson v. Stinnett, 102 F.3d 132, 136-37 (5th Cir. 1996). If the Court has the authority to dismiss a non-prisoner case as frivolous once it has been filed, then the Court has the inherent authority in a non-prisoner case to deny leave to proceed in forma pauperis to preclude the filing of a frivolous complaint or claim.

[4] See Neitzke, 490 U.S. at 327, 109 S. Ct. at 1833. See also Green v. McKaskle, 788 F.2d 116, 119-20 (5th Cir. 1986) ("A district court may dismiss an IFP proceeding brought by a prisoner for frivolity or maliciousness at any time before or after service of process and before or after the defendant's answer.").

[5] See Neitzke, 490 U.S. at 325, 109 S. Ct. at 1831; Ruiz v. United States, 160, F.3d 273, 274 (5th Cir. 1998); Gonzales v. Wyatt, 157 F.3d 1016, 1019 (5th Cir. 1998); Davis v. Scott, 157 F.3d 1003, 1005 (5th Cir. 1998); McCormick v. Stalder, 105 F.3d 1059, 1061 (5th Cir. 1997).

[6] See Talib v. Gilley, 138 F.3d 211, 213 (5th Cir. 1998).

[7] See Denton, 504 U.S. at 32-33, 112 S. Ct. at 1733-34.

defendants are immune from suit,[8] (2) claims of infringement of a legal interest that clearly does not exist,[9] and (3) claims which are barred by limitations.[10]

A case is not frivolous simply because it fails to state a claim.[11] But, if the claim has no arguable basis in law or fact, the complaint can be dismissed under § 1915(e).[12] "A complaint is legally frivolous if it is premised on an 'undisputably meritless legal theory.'"[13] An IFP complaint that recites bare legal conclusions, with no suggestion of supporting facts, or that postulates facts of an entirely fanciful nature, is a prime candidate for dismissal under § 1915(e).[14] Furthermore, when it is clear from the face of the complaint that the claims asserted are subject to an obvious meritorious defense, such as a peremptory time bar, dismissal with prejudice is appropriate.[15] A decision to dismiss a complaint based on frivolity is reviewed for

---

[8] See Neitzke, 490 U.S. at 327, 109 S. Ct. at 1833. See also Krueger v. Reimer, 66 F.3d 75, 76-77 (5th Cir. 1995); Boyd v. Biggers, 31 F.3d 279, 284-85 (5th Cir. 1994) (both upholding the dismissal as frivolous of civil rights lawsuits on the grounds that the defendants were entitled to absolute judicial and prosecutorial immunity).

[9] See Neitzke, 490 U.S. at 327, 109 S. Ct. at 1833.

[10] See Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994); Gartrell v. Gaylor, 981 F.2d 254, 259 (5th Cir. 1993); Henson-El v. Rogers, 923 F.2d 51, 53 (5th Cir.), cert. denied, 501 U.S. 1235, 111 S. Ct. 2863 (1991).

[11] Neitzke, 490 U.S. at 331, 109 S. Ct. at 1834; Booker v. Koonce, 2 F.3d 114, 115 (5th Cir. 1997); Gartrell, 981 F.2d at 259; Ancar, 964 F.2d at 468.

[12] See Gartrell, 981 F.2d at 259; Parker v. Carpenter, 978 F.2d 190, 191 n.1 (5th Cir. 1992); Mayfield v. Collins, 918 F.2d 560, 561 (5th Cir. 1990).

[13] Boyd, 31 F.3d at 281-82 (quoting Neitzke, 490 U.S. at 327, 109 S. Ct. at 1833).

[14] See Ancar, 964 F.2d at 468; Wesson v. Oglesby, 910 F.2d 278, 281 (5th Cir. 1990). See also Gartrell, 981 F.2d at 259.

[15] See Graves v. Hampton, 1 F.3d 315, 319-20 (5th Cir. 1993).

abuse of discretion.[16]

**B.    FED. R. CIV. P. 12(b)(6)**

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a plaintiff must state a claim upon which relief can be granted or the complaint may be dismissed with prejudice as a matter of law.[17]  When considering a motion to dismiss for failure to state a claim, the "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'"[18]  To withstand a Rule 12(b)(6) motion, "the plaintiff must plead 'enough facts to

---

[16] Denton, 504 U.S. at 33-34, 112 S. Ct. at 1728; Davis v. Scott, 157 F.3d 1003, 1005 (5th Cir. 1998).  See Harper v. Showers, 174 F.3d 716, 718 n.3 (5th Cir. 1999) (dismissals for frivolity pursuant to  § 1915 (e)(2)(B)(i) are reviewed for abuse of discretion and dismissals for failure to state a claim upon which relief may be granted pursuant to § 1915 (e)(2)(B)(ii) are reviewed *de novo*).

[17] FED. R. CIV. P. 12(b)(6).

[18] In re Katrina Canal Breaches Litig., 495 F.3d 191, 205 (5th Cir. 2007) (quoting Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit, 369 F.3d 464, 467 (5th Cir. 2004); Jones v. Greninger, 188 F.3d 322, 324 (5th Cir. 1999); Chehardy v. Allstate Indem. Co., 552 U.S. 1182, 128 S. Ct. 1231 (2008)), cert. denied sub nom, Xavier Univ. of La. v. Travelers Cas. Prop. Co. of Am, 552 U.S. 1182, 128 S. Ct. 1230 and Chehardy v. Allstate Idem. Co., 552 U.S. 1182, 128 S. Ct. 1231 (2008)).

In Katrina Canal Breaches, 495 F.3d at 205 n.10, the United States Court of Appeals for the Fifth Circuit acknowledged the United States Supreme Court's abrogation of the "no set of facts" standard for determining the adequacy of a pleading in Bell Atlantic Corp. v. Twombly, a Sherman Act case:
> We have often stated that a claim should not be dismissed under Rule 12(b)(6) unless the plaintiff would not be entitled to relief under any set of facts or any possible theory he may prove consistent with the allegations in the complaint.  See, e.g., Martin K. Eby Constr., 369 F.3d at 467 (quoting Jones, 188 F.3d at 324).  This standard derived from Conley v. Gibson, which stated that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L.Ed.2d 80 (1957).  But recently in Bell Atlantic, the Supreme Court made clear that the Conley rule is not "the minimum standard of adequate pleading to govern a complaint's survival."  127 S. Ct. at 1968-69.

state a claim to relief that is plausible on its face.'"[19]

Rule 8(a)(2) of the Federal Rules of Civil Procedure sets out the fundamental pleading standard for civil litigation and governs all claims in a civil suit, requiring "a short plain statement of the claim showing that the pleader is entitled to relief."[20]  Although "heightened fact pleading of specifics"[21] may not be adopted when not authorized by the Federal Rules of Civil Procedure,[22] the complaint taken as a whole "must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory"[23] and a plaintiff's pleading obligation includes the twin requirements of fact-based pleading and plausibility.  More specifically, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."[24]  "Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all of the allegations in the

---

[19] Id. at 205 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570-72, 127 S. Ct. 1955, 1974 (2007)).

[20] FED. R. CIV. P. 8(a)(2).

[21] Twombly, 550 U.S. at 570, 127 S. Ct. at 1974.

[22] See, e.g., Fed. R. Civ. P. 9(b) (allegations of fraud or mistake to be stated with particularity); Swierkiewicz v. Sorema, N.A., 534 U.S. 506, 508, 122 S. Ct. 992 (2002) ("[A] complaint in an employment discrimination lawsuit [need] not contain specific facts establishing a *prima facie* case of discrimination under the framework set forth in McDonnell Douglas Corp. v. Green, 411 U.S. 792 [, 93 S. Ct. 1817] (1973).").

[23] Twombly, 550 U.S. at 562, 127 S. Ct. at 1969 (quoting Car Carriers, Inc. v. Ford Motor Co., 745 F.2d 1101, 1106 (7th Cir. 1984) (internal quotation marks omitted; emphasis and omission in original)).

[24] 550 U.S. at 555, 127 S. Ct. at 1964-65 (citing Papasan v. Allain, 478 U.S. 265, 286, 106 S. Ct. 2932, 2944 (2007)).

complaint are true (even if doubtful in fact)."[25]  Although the Supreme Court in Twombly stressed that it did not impose a probability standard at the pleading stage, nevertheless, the allegation of a mere possibility of relief does not satisfy the threshold requirement of Rule 8(a)(2) that the "plain statement" of a claim include factual "allegations plausibly suggesting (not merely consistent with)" an entitlement to relief.[26]

When ruling on a motion to dismiss under Rule 12(b)(6), a court must accept as true all of the factual allegations contained in the complaint.[27]  But, a court need not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions," which will not defeat a Rule 12(b)(6) motion to dismiss.[28]  In Iqbal, the Court formalized a two-pronged approach to apply the underlying jurisprudential principles of Twombly.[29]  The first prong required the Court to separate factual allegations from legal conclusions.  The Court dismissed those allegations deemed to be "conclusory" on the basis that bare legal conclusions are not entitled to the privilege that all well-pleaded facts be taken as true at the motion to dismiss

---

[25] Id. at 555, 127 S. Ct. at 1965 (as quoted in Katrina Canal Breaches, 495 F.3d at 205).

[26] Id. at 557, 127 S. Ct. at 1966. See also Ashcroft v. Iqbal, 556 U.S. 662, 684, 129 S. Ct. 1937, 1953 (2009) (rejecting the argument that the Twombly plausibility pleading standard applied only in antitrust cases and expressly holding the standard applies "all civil actions.").

[27] 550 U.S. at 555, 127 S. Ct. at 1965 (citing Swierkiewicz, 534 U.S. at 508 n.1, 122 S. Ct. at 996 n.1; Neitzke, 490 U.S. at 326-37, 109 S. Ct. at 1832; Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S. Ct. 1683, 1686 (1974)).

[28] Plotkin v. IP Axess, Inc., 407 F.3d 690, 696 (5th Cir. 2005) (citing Southland Sec. Corp. v. INSpire Ins. Solutions, Inc., 365 F.3d 353, 361 (5th Cir. 2004)).

[29] 556 U.S. at 677-79, 129 S. Ct. at 1949-50.

stage.[30] The second prong then applied the plausibility test to the remaining allegations.[31] That two-pronged approach is now the standard for evaluating the plausibility of a complaint under Rule 8(a)(2).

### III. DISCUSSION

At the threshold, the Court cannot grant plaintiff's motion for IFP when it does not appear to be signed by the named plaintiff, under oath, and it may not even provide a statement of the finances of the named plaintiff. Even if the person who signed the IFP application is an "attorney in fact," the IFP application must be signed by the party seeking IFP status, not any attorney

---

[30] Id. Iqbal illustrated its analysis of the first prong as follows:
We begin our analysis by identifying the allegations in the complaint that are not entitled to the assumption of truth. Respondent pleads that petitioners "knew of, condoned, and willfully and maliciously agreed to subject [him]" to harsh conditions of confinement "as a matter of policy, solely on account of [his] religion, race, and/or national origin and for no legitimate penological interest." Complaint ¶ 96, App. to Pet. for Cert. 173a-174a. The complaint alleges that Ashcroft was the "principal architect" of this invidious policy, id., ¶ 10, at 157a, and that Mueller was "instrumental" in adopting and executing it, id., ¶ 11, at 157a. These bare assertions, much like the pleading of conspiracy in Twombly, amount to nothing more than a "formulaic recitation of the elements" of a constitutional discrimination claim, 550 U.S., at 555, 127 S. Ct. 1955, namely, that petitioners adopted a policy "'because of,' not merely 'in spite of,' its adverse effects upon an identifiable group." Feeney, 442 U.S., at 279, 99 S. Ct. 2282. As such, the allegations are conclusory and not entitled to be assumed true. Twombly, supra, 550 U.S., at 554-555, 127 S. Ct. 1955. To be clear, we do not reject these bald allegations on the ground that they are unrealistic or nonsensical. We do not so characterize them any more than the Court in Twombly rejected the plaintiffs' express allegation of a "'contract, combination or conspiracy to prevent competitive entry,'" id., at 551, 127 S. Ct. 1955, because it thought that claim too chimerical to be maintained. It is the conclusory nature of respondent's allegations, rather than their extravagantly fanciful nature, that disentitles them to the presumption of truth.
Id. at 680-81, 129 S. Ct. at 1951.

[31] Id. (explaining that although the Court must "take all of the factual allegations in the complaint as true," it is "not bound to accept as true a legal conclusion couched as a factual allegation" (internal quotation marks omitted)).

representing that party. Further, it is not clear that the person who signed the IFP application is a licensed attorney able to lawfully represent the rights of any other person.

Assuming plaintiff satisfies the financial requirements to proceed IFP,[32] the Court must conclude that plaintiff has presented a non-frivolous claim before granting leave to proceed IFP. Based upon a review of his proposed original complaint, plaintiff is hereby notified that the proposed suit appears to be frivolous and fails to state a federal claim within the meaning of 28 U.S.C. § 1915(e)(2)(B)(I)-(iii). At the threshold, the Court again observes the proposed complaint is signed by "Danita E. Anderson, Attorney-in Fact," who does not appear to be the same person who is named as the party plaintiff. There is no indication that Danita E. Anderson is a licensed attorney who lawfully can represent any other person in this Court. Further, the proposed original complaint contains a number of deficiencies and/or leaves a number of unanswered questions. First, the proposed complaint does not appear to allege a ground for federal subject matter jurisdiction. Second, the proposed complaint does not include a particularized statement of fact to show what each defendant did or failed to do that violated any specifically identified right of plaintiff. Third, plaintiff does not appear to have provided sufficient information that would secure effective service of process on any defendant. Fourth, plaintiff's proposed complaint refers to several entity names that appear to be related to the entity named as defendant but presents insufficient information to determine the relationship among the entities or to show that the entity named as defendant can be held responsible for actions taken by, or in the name of, other entities. Fifth, plaintiff alleges unspecified defendants acted "with

---

[32] As noted, it does not appear we have a sworn statement of assets of the named plaintiff.

reckless indifference to the federally protected rights of Akiesha Anderson," but does not identify any federally protected rights.  Sixth, plaintiff appears to allege she was "imprisoned," but provides no other facts about the matter.  Seventh, plaintiff's allegations of a conspiracy are conclusory.  Eighth, plaintiff appears to assert all named defendants defamed her, but does not explain why the entity named as defendant, which is alleged to be a corporation, can be held responsible for alleged defamation that would appear to have occurred through allegedly false statements made by persons and does not include a particularized statement of facts to show what each named defendant did or failed to do that defamed plaintiff and why.  Finally, plaintiff's proposed complaint does not include a particularized statement regarding each defendant to show each defendant defamed plaintiff (or violated any other identified right of plaintiff).

## IV.  CONCLUSION

Upon consideration thereof,

**IT IS ORDERED** that plaintiff's motion for leave to proceed in forma pauperis[33] is **DENIED without prejudice** for the reason that it does not appear to be a sworn statement of the finances of the named plaintiff.

**IT IS ALSO ORDERED** that on or before **Monday, February 3, 2014**, plaintiff must **SHOW CAUSE** why this case should not be closed without further action by filing: (1) a new long form application to proceed IFP that is signed by the named party plaintiff; and (2) file a proposed amended complaint, not longer than 10 pages in length, that is signed by the party plaintiff, cures all defects in plaintiff's proposed original complaint, and includes: (a) a statement of the specific basis of federal subject matter jurisdiction for each claim over each defendant ; (b)

---

[33] Docket no. 1.

identifies the specific federal constitutional or statutory rights at issue in each cause of action against each defendant or, if no federal right is alleged to be violated, the specific state law provision that plaintiff alleges each defendant violated; (c) a particularized statement of facts to set out the specific involvement of each defendant in the acts or omissions alleged to support each cause of action plaintiff seeks to assert against that defendant; and (d) if plaintiff re-alleges a "conspiracy" offense, a particularized statement of facts in support of the existence, purpose, and parameters of any alleged conspiracy and why the "conspiracy" violates an identified right of plaintiff. **Plaintiff is hereby advised that if plaintiff fails to file the documents addressed in this order, the District Judge may enter an order dismissing the case for failure to timely prosecute and/or failure to timely comply with a Court Order.** See Fed.R.Civ.P. 41.

ORDERED, SIGNED and ENTERED this 17th day of January, 2014.

_Pamela A. Mathy_
**PAMELA A. MATHY**
**UNITED STATES MAGISTRATE JUDGE**